**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| KWASI SEITU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1978 (RC) |
| | ) | |
| | ) | |
| LUCINDA BABER *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff, a District of Columbia resident proceeding *pro se*, sues the District of Columbia, the Director of the District's Department of Motor Vehicles ("DMV"), the current and former Director of the District's Department of Public Works ("DPW"), "all Past and Present Members of the D.C. City Council," and four former D.C. mayors. Civil Rights Action for Damages With Jury Demand ("Compl.") [Dkt. # 1] at 1, 2. Plaintiff seeks equitable relief and monetary damages for alleged constitutional and statutory violations stemming from defendants' "persistent failure and refusal to address, arrest, and correct the . . . 'mis-management' of information regarding the payment or dismissal of parking tickets . . . resulting in the repeat billing on those tickets, the wrongful seizure and disposition of property, and the wrongful infringement on driving privileges[.]" *Id.* at 1. Plaintiff alleges that such behavior has been occurring since 1981 and that he has been personally affected since 1997. *See id.* at 3-4.

Defendant District of Columbia moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to

state a claim upon which relief can be granted or for summary judgment under Rule 56.  Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. [Dkt. #14].  Defendant asserts, among other defenses, that plaintiff's claims are barred by the applicable statute of limitations.  *Id*. ¶ 1.  Plaintiff counters that his claims are timely "due to the fact that the conduct of Defendants is ongoing and forms a criminal enterprise under 18 US.C. [sic]."  Pl.'s Response to the Mot. to Dismiss or Summ. J. in the Alternative ("Pl.'s Opp'n") [Dkt. # 16] ¶ 1.

Since plaintiff filed this action well beyond the District's three-year statute of limitations and, as a *pro se* party, cannot assert claims on behalf of any other individuals, the Court finds that this action is time-barred and, thus, will grant defendant's motion to dismiss under Rule 12(b)(6).  Accordingly, the Court will not address defendant's other enumerated grounds for dismissal.  *See* Def's. Mot. ¶¶ 2-8.

In addition, the Court will deny plaintiff's Request for Judicial Notice of Certain Facts Raising Questions as to the Validity of the Court [Dkt # 21], since the asserted facts are "subject to reasonable dispute" and, thus, cannot be judicially noticed, Fed. R. Evid. 201(b),[1] and will

---

[1]  Plaintiff's "Request," docketed as a motion, is essentially a challenge to an order issued by the former presiding judge, District Judge John D. Bates, denying plaintiff's motion for recusal, and the implicit affirmance of that decision by the United States Court of Appeals for the District of Columbia Circuit.  *See* Order (D.D.C. Dec. 12, 2011) [Dkt. # 6] (finding that plaintiff had "not made the requisite showing for recusal"); Order, No. 11-7152 (D.C. Cir. Mar. 23, 2012) [Dkt. # 20] (concluding that plaintiff had not shown a right to a writ of mandamus "compelling recusal of the judge from the pending district court proceedings") (citations omitted).  Plaintiff contends that the foregoing rulings "undermin[e] the credibility of the American judiciary and judicial system."  Request at 2.  But his supporting "Judicial Facts" consist mostly of incredulous accusations of "lawlessness" by Judge Bates.  *Id*. at 2-4 ¶¶ 1-18.  Furthermore, the undersigned judge lacks authority to grant plaintiff's requested relief to "appoint[] a special judge" and "declar[e] [the] prior orders of John Bates in this matter void," *id*. at 7 ¶ 1, which plaintiff contends is needed to "correct the misconduct that is system-wide, but beginning with the actions of John D. Bates[.]"  *Id*.  Regardless, because Judge Bates is no longer the presiding judge on this case, any issue concerning his recusal is moot.

deny plaintiff's Motion to Correct Void Judgments and Judicial Misconduct [Dkt. # 24] for want of jurisdiction.[2]

## I. BACKGROUND

The pertinent facts are as follows. Plaintiff's vehicle was seized on January 30, 1997, for unpaid tickets. Compl. at 3-4. When plaintiff went to the DPW to retrieve his vehicle, he "realized that the tickets, with the exception of one issued the morning that the vehicle was [allegedly] stolen, were either paid [or] dismissed, and one was still pending mail adjudication." *Id*. at 4 ¶ 6. "[O]n March 30, 1997, [plaintiff] was sent a notice . . ., informing him that DPW had seized his vehicle on January 30, and would sell his vehicle fourteen days from that date and in fact, did auction off his vehicle on February 14, 1997." *Id*. ¶ 8.

In June 1997, plaintiff filed suit in the Superior Court of the District of Columbia against DPW and the District "for unlawful conversion, and [against] his insurer AllState for breach of contract." *Id*. ¶ 9; *see also* Def.'s Statement of Material Facts as to Which There is No Genuine Dispute ("Def.'s Facts") [Dkt. # 14] ¶ 1. Following trial, a jury awarded plaintiff a judgment in the amount of $7,500, plus interest. Def.'s Facts ¶ 2 & Ex. 2 (Case Docket, *Seitu v. District of*

---

[2] In his Motion to Correct, addressed to Chief Judge Royce C. Lamberth of this Court, plaintiff seeks "to dismiss . . . as void" the orders of the undersigned judge, as well as those of U.S. District Judge John D. Bates and D.C. Superior Court Judge Todd Edelman. *See* Pl.'s Mot. to Correct at 8. The Court previously ruled in this case that it lacks jurisdiction to review the orders of a Superior Court judge, *see* Order (D.D.C. Sept. 10, 2012) [Dkt. # 23] (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995)), and it likewise lacks jurisdiction to review the orders of another judge of this court. To the extent that plaintiff moves the undersigned judge to recuse himself based solely on plaintiff's disagreement with the only order this judge has issued [Dkt. #23], *see* Pl.'s Mot. to Correct at 8 (Relief), the motion is denied since plaintiff has not stated how this judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see Sec. & Exch. Comm'n v. Loving Spirit Found. Inc.,* 392 F.3d 486, 494 (D.C. Cir. 2004) (adverse rulings "virtually never provide a basis for recusal"); *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 848 (D.C. Cir. 1995) ("Opinions formed by a judge 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.' " (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

*Columbia*, 1997 CA 003396 (Super. Ct. Mar. 29, 2001)).  On August 10, 2001, the District issued a check to plaintiff for $7,655.21, which plaintiff appears to have endorsed and cashed. *Id*. ¶ 3 & Ex. 4 (Decl. of Victoria Syphax filed in Superior Court case).  "[S]hortly" thereafter, the DMV "revoked the Plaintiff's driver's license and placed a national block on his obtaining a license in any other state, something that the Plaintiff would not learn of for nearly two years when he went to renew his license."  Compl. at 6 ¶ 23.

Plaintiff "eventually" learned that the DMV had relied on a DUI ticket issued in South Carolina to revoke his driver's license.  *Id*. at 7 ¶ 25.  In 2010, plaintiff "went to a DMV office in [an] attempt to get a copy of the information relied on to revoke his license and was told that there was no DUI, but that his license would not be reinstated until he paid a list of nine tickets, all from 1997 and 1998, all presented in court in 2001 . . . ."  *Id*. ¶ 28.

As indicated by the Clerk's "Filed" stamp on the face of the complaint, this action was initiated on October 26, 2011, when the Clerk received plaintiff's complaint and application to proceed *in forma pauperis*.  The case was assigned to a district judge on November 9, 2011, after the granting of plaintiff's *in forma pauperis* application [Dkt. # 2].

## II.  ANALYSIS

### 1. The Legal Standard

A court considering a motion to dismiss under Rule 12(b)(6) presumes the factual allegations of the complaint to be true and construes them liberally in the plaintiff's favor.  *See Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (citations omitted).  A court need not accept a plaintiff's legal conclusions as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009), nor must the court presume the veracity of legal conclusions that are couched as factual allegations.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### 2. The Plaintiff's Federal Claims

Plaintiff purports to bring this action under the "First, Fourth, Sixth, Eleventh, Thirteenth, and Fourteenth Amendments to the United States Constitution, the Universal Declaration of Human Rights made applicable as 'The Law of the Land' by Article IV, Clause 2 of the United States Constitution[,] as well as provisions of 42 US.C. § 1981-1985." Compl. at 2. Plaintiff's overarching federal claims are that the District, through various officials, (1) "unlawfully convert[ed] [his] property when [they] seized, took, and disposed of his vehicle as a result of 'information mismanagement' in violation of his First, Fourth and Fourteenth amendment rights . . . .," *id*. at 10 ¶ 1; (2) "engaged in fraud against [him] and the general public, by attempting [to] extort money on tickets that were paid or dismissed in 1997 and 1998, in violation of the Fourteenth Amendment . . . .," *id*. ¶ 2; and (3) "wrongfully and surreptitiously revoked [his] driving privilege and put a block on him across the nation without legitimate cause and in retaliation for his efforts to have the problem addressed and resolved through litigation in violation of his rights under the First, Sixth, Eleventh, Thirteenth, and Fourteenth amendments . . . .," *id*. at 11 ¶ 6.

In addition, plaintiff faults the District's Attorney General for failing "to take any action against DPW or DMV" for the alleged unconstitutional billing and collection practices, and for failing to conduct "an audit of DPW or DMV since 1999 or 2000 with regard to the problem of 'information mis-management . . . ,' " in violation of the First, Fourth, Sixth, Eleventh and Fourteenth amendments. *Id*. at 11-12 ¶¶ 8-9. Finally, plaintiff faults the District's City Council for similar failures, *id*. at 12 ¶¶ 10-11, and he claims that former D.C. Mayors Adrian Fenty, Anthony Williams, Marion Barry, and Sharon Pratt Kelly "all promoted the scheme of billing on paid and dismissed tickets, along with all of the other negative impacts on the Plaintiff and the

general public as a means of 'raising revenues' in violation of the First, Fourth, Eleventh, and Fourteenth amendments . . . ." *Id*. ¶ 12.

### 3. The Applicable Statute of Limitations

Plaintiff's federal claims are cognizable under 42 U.S.C. § 1983, which authorizes a cause of action against individuals who are alleged to have violated one's rights "secured by the Constitution and [federal] laws" while acting under the authority of "any statute, ordinance, regulation, custom, or usage, of any State . . . or the District of Columbia . . . ." 42 U.S.C. § 1983. A municipality, such as the District, may be held liable under § 1983 for the acts of its employees if a plaintiff can show that: (1) he was deprived of a constitutional right; and (2) such deprivation was the result of a government policy or custom. *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004); *see Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691-94 (1978). "Because sections 1983 and 1985 do not have any built-in statute of limitations, courts in this jurisdiction apply the three-year statute of limitations imposed by D.C. law." *Philogene v. District of Columbia*, Civ. No. 08-1399, ___ F. Supp. 2d ___, ___, 2012 WL 1893580, at *3 (D.D.C. May 25, 2012) (citing *Carney v. Am. Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998); D.C. Code § 12–301(8)) (other citation omitted).

Since the deprivation of plaintiff's vehicle occurred in 1997, and plaintiff states that he knew by 2003 that the District had revoked his driver's license and "placed a national block on his obtaining a license in any other state," Compl. ¶ 23, the commencement of this action in October 2011, comes five years too late. Even if, as plaintiff asserts, the alleged mismanagement of DMV records "is ongoing," Pl.'s Opp'n ¶ 1, plaintiff lacks standing to press the claims of "the general public" and, as a lay person, cannot represent third-party individuals in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and

conduct their own cases personally or by counsel . . . ."); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 15-16 (D.D.C. 2003) (citing cases).  Hence, the Court will dismiss this action as time-barred.

### III.  CONCLUSION

For the foregoing reasons, the Court grants the District of Columbia's motion to dismiss under Rule 12(b)(6) and denies plaintiff's pending motions for the Court to take judicial notice of certain facts and to correct alleged void judgments and judicial misconduct.  An order consistent with this memorandum opinion is separately and contemporaneously issued this 1st day of November 2012.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge